LeBLANC, Justice.
This is a suit by a mother against the estate of her deceased son. The real defendants are plaintiff’s daughter-in-law, widow of her deceased son, and her grandchild, a seven year old minor. The widow is sued in her capacity as widow in.community and as legatee under a will and also as the tutrix of her minor child. She had accepted her husband’s succession unconditionally for herself and her child and had been placed in possession of his estate by judgment of Court.
The demand is based on a promissory note executed by Henry T. Chalaron, plaintiff’s deceased son, on October 5, 1945. The note was for the principal sum of $3,100.00 payable two years after date and bore interest at the rate of 6% per annum, interest payments being due mónthly commencing November 1, 1945. Payment of $100.00 and of all interest due to October 1, 1946 is acknowledged in plaintiff’s petition and judgment is prayed for in the sum of $3,-000.00 with interest from that date.
The defendant, in answer for herself and as tutrix, admitted the execution of the note by her deceased husband, as alleged, but denies any indebtedness due thereon except the interest from November 1, 1946, to December 5, 1946, which was duly tendered to the plaintiff without any admission of liability on the principal amount of the note.
The defense, as appears from the answer filed by the defendants, is to the effect that at the time the note was executed, the decedent, Henry T. Chalaron, agreed with his mother that he would -take out a policy of life insurance on his own life to secure the same, and accordingly on October 5, 1945 he did take out a five year term life insurance policy on his life in the amount of $3,000.00 with The Union Central Life Insurance Company of Cincinnati, Ohio, in which he designated his mother, the plaintiff, as beneficiary. It is averred that the first premium on the policy was paid by the deceased when the policy was issued and that the second premium was paid by his widow on November 4, 1946, with funds advanced to her by her family. It is also alleged that the policy was delivered and placed in the possession of the plaintiff as security for the indebtedness, which purpose was well known to the plaintiff and that upon the death of her son, plaintiff presented the policy to the local office of the insurance company for payment and pay *425 ment was made in the amount of $3,000.00 to the plaintiff under the terms of the policy. It is further alleged that the policy was at all times in the possession of the plaintiff as creditor and pledgee for the security of the debt that had been incurred by her deceased son, and upon its payment, the note that' he had executed in her favor had become extinguished.
In the Court below there was judgment in favor of the defendants dismissing the plaintiff’s suit at her costs, whereupon she took and is now prosecuting this appeal.
The sole contention of the plaintiff is that there was no pledge or assignment of the life insurance policy to secure the note sued on, which is the only basis on which its proceeds could have been applied to the payment of plaintiff’s indebtedness. It is urged that under the provisions of Act No. 189 of 1914, as last amended by Act No. 155 of 1934, the proceeds of all life insurance policies are exempt from all liability for any debt unless the policy has been pledged, assigned, or advances made thereon, and inasmuch as there was no pledge or assignment of, nor were any advances made on the policy in question, its proceeds cannot be applied to the payment of the note sued on.
The point of law raised by counsel for plaintiff is not disputed but the contention of the defendant in this case is that there was a pledge of the policy, which formed an exception to the provisions of the statute under which plaintiff is seeking to have its proceeds exempted. The main issue is one of fact from which the Court will have t'o resolve whether or not there was a contract of pledge by which the decedent delivered to his mother the policy of insurance as security for the debt which he had incurred. Revised Civil Code, Article 3133.
The facts reveal that at the time of the execution of the note by her son, he and the plaintiff did discuss the matter of taking out an insurance policy on his life but, according to her testimony, there was nothing definite that resulted from the discussion unless it be that there was some doubt whether he was in a physical condition to be insured. The only other allusion that was made to the matter, according to her testimony, was some months afterwards when she inquired of him what he had found out about it and his answer was something to the effect that he was in the habit of keeping his promises. The facts otherwise show that on October 8, 1945, three days after the execution of the note, he did take out a policy in which he designated his mother, Mrs. Emilie D. Chalaron, as the primary beneficiary and his wife, Mr. Ida F. W. Chalaron, as contingent beneficiary. Mrs. Chalaron testifies that she was in utter ignorance of the existence of the policy until it was discovered by her in her private armoire at her home' after the death of her son, and after she had been informed by a letter from an attorney who was handling her son’s estate that the policy had been taken out in her favor. Her only explana *427 tion for its presence there is that she occasionally gave her son access to the armoire when he asked her for the key and, it may be that on a particular occasion when she was leaving home to go on an errand she gave him the key and told him to go over her papers to see what should be discarded and what should be kept to be placed in the bank. She surmised that it was on that day that he put the policy in her armoire but says that he never told her anything about it.
It is the contention of counsel that this was not sufficient to constitute the contract of pledge under the terms of Article 3133 of the Ovil Code for the reason that the required delivery of the policy did not take place. The pertinent Articles read as follows :
Article 3133. “The pledge is a contract by which one debtor gives something to his creditor as a security for his debt.”
Article 3152. “It is essential to the contract of pledge that the creditor be put in possession of the thing given to him in pledge, and consequently that actual delivery of it be made to him, unless he has possession of it already by some other right.”
It may be that upon the testimony of the plaintiff alone the actual contract by which her son gave her the policy as security for- his debt is not shown but her testimony is greatly weakened by that of members of her own family, including her son and daughters, to the effect that she virtually admitted to them in conversations with them, a day or two following the death of Henry Chalaron, that he had taken out a policy to protect her. We are satisfied that the trial judge was correct in the conclusion he' reached, after analyzing all of the testimony in the case, that it was the intention of the decedent in taking out the policy of insurance to secure the note that his mother held against him.
All of the circumstances of the case otherwise tend to support the finding of the trial judge. The discussion that took place between plaintiff and her deceased son regarding the taking out of a policy to protect her, the actual taking out of the policy for the exact amount of the loan three days after he had executed the note, making his mother the primary beneficiary under the policy when it appears that she was in no way dependent upon him, are all matters which tend to convince us of the intention of the parties. These circumstances together with the actual placing of the policy in the private armoire of the plaintiff constituted the delivery -contemplated under Articles 3133 and 3152 of the Civil Code and resulted in the confection of a contract of pledge between them.
Counsel for plaintiff refers to the lack of assignment of the policy but as we construe the statute which exempts the proceeds of life insurance policies from the payment of any debt, there are three exceptions stated and if any one exists, that *429 is all that is necessary. Among the three is the one of a pledge of the policy and inasmuch as we hold that there was a valid ■pledge in this case it is unnecessary for us to consider any of the other exceptions.
The case was properly disposed of by the judgment of the lower Court, and for the reasons assigned it is hereby affirmed at the costs of the plaintiff appellant.